IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Liliana Garcia and Araceli Garcia, <br><br> Plaintiff, <br><br> v. <br><br> and <br><br> Three Buddy's Inc. d/b/a Pita Olive and Abul Kamal Pasha <br> Defendants. | Case No. 21-CV-6142 <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Liliana Garcia ("Plaintiff" in Counts I, II and V) and Araceli Garcia ("Plaintiff" in Counts III, IV and VI), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Three Buddy's Inc. d/b/a Pita Olive ("Defendant" or "Pita") and Abul Kamal Pasha ("Defendant" or "Pasha"). Pita and Pasha may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff Liliana Garcia is a resident of Cook County, Illinois; and they were employed by Pita and Pasha.

3. Plaintiff Araceli Garcia is a resident of Cook County, Illinois and they were employed by Pita and Pasha

4. Pita is a business that is located, headquartered, and conducts business in Cook County, Illinois.

5. Pasha is the owner and Boss Of Pita, and they are in charge of its employees. On information and belief, Pasha is a resident of Cook County, Illinois.

6. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Cook County, Illinois.

## Facts Common To All Claims

9. Pita is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10. Pasha is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Pita; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA
**(One Behalf of Plaintiff** Liliana Garcia **)**

11. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Plaintiff began working at Pita in or before 2021.

13. At all times, Plaintiff held the same position at Pita, they were a general restaurant worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform various tasks around the restaurant, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 91 hours per week.

15. Plaintiff was paid their wages on a(n) hourly basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff's rate of pay was $12 per hour, but Defendants never paid Plaintiff any wages whatsoever for 7 weeks of work.

18. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which they were employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $9786.00 in unpaid overtime wages; (ii) liquidated damages of $9786.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Liliana Garcia respectfully requests that the Court enter a judgment in their favor and against Defendants Pita and Pasha jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $9786.00;

B. An award liquidated damages in an amount equal to at least $9786.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT II: VIOLATION OF IMWL**
**(On Behalf of Plaintiff** Liliana Garcia **)**

22. Plaintiff incorporates by reference Paragraphs 1-21, as if set forth in full herein for this Paragraph 22.

23. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

24. Defendants' failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs

26. The amount of unpaid overtime wages owed to Plaintiff is $              .

**WHEREFORE**, Plaintiff Liliana Garcia respectfully requests that the Court enter a judgment in his favor and against Defendants Pita and Pasha jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $9786.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional relief or alternative relief as this Honorable Court deems just or proper.

## COUNT III: VIOLATION OF THE FLSA
**(On Behalf of Plaintiff** Araceli Garcia**)**

27. Plaintiff reincorporates by reference Paragraphs 1 through 26, as if set forth in full herein for Paragraph 27.

28. Plaintiff began working at Pita in or before 2021.

29. At all times, Plaintiff held the same position at Pita, they were a general restaurant worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general tasks arouns the restaurant, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

30. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 30 hours per week.

31. Plaintiff was paid their wages on a(n) hourly basis.

32. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

33. Plaintiff's rate of pay was $11.50 per hour, but Defendants never paid Plaintiff any wages whatsoever for four weeks of work .

34. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

35. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

36. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

37. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,380.00 in unpaid overtime wages; (ii) liquidated damages of $1,380.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Araceli Garcia respectfully requests that the Court enter a judgment in their favor and against Defendants Pita and Pasha jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $1,380.00;

B. An award liquidated damages in an amount equal to at least $1,380.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF IMWL
**(On Behalf of Plaintiff** Araceli Garcia**)**

38. Plaintiff incorporates by reference Paragraphs 1-37, as if set forth in full herein for this Paragraph 38.

39. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated wages for all hours worked for defendant in each individual work week in violation of 820 ILCS 105/4a(1).

40. Defendants' failure to pay Plaintiff the Illinois-mandated wages for all hours worked in an individual work week is a violation of the IMWL.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs

42. The amount of unpaid overtime wages owed to Plaintiff is $1,380.00.

**WHEREFORE**, Plaintiff Araceli Garcia respectfully requests that the Court enter a judgment in his favor and against Defendants Pita and Pasha jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $1,380.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional relief or alternative relief as this Honorable Court deems just or proper.

## COUNT V: VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, et. seq. ("IWPCA")
**(Liliana v. Defendants)**

43. Plaintiff reincorporates by reference Paragraphs 1 through 26, as if set forth in full herein for Paragraph 43.

44. Defendant Pita Olive is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois Corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

45. Defendant Pasha is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of Pita Olive that knowingly permitted it to violate the provisions of the IWCPA.

46. Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because she was employed by Defendants as a general restaurant worker, and she does not fall into any of the exceptions or exemptions for workers under the IWCPA.

47. Defendants violated the IWCPA by failing to pay Plaintiff any wages for her seven weeks of employment with Defendant Pita Olive, which unpaid wages total at least $9,786.00.

48. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

WHEREFORE, Plaintiff Liliana Garcia respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling $9,786.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT VI: VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, et. seq. ("IWPCA")
(Araceli v. Defendants)

49. Plaintiff reincorporates by reference Paragraphs 27 through 42, as if set forth in full herein for Paragraph 49.

50. Defendant Pita Olive is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois Corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

51. Defendant Pasha is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of Pita Olive that knowingly permitted it to violate the provisions of the IWCPA.

52. Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because she was employed by Defendants as a general restaurant worker, and she does not fall into any of the exceptions or exemptions for workers under the IWCPA.

53. Defendants violated the IWCPA by failing to pay Plaintiff any wages for her four weeks of employment with Defendant Pita Olive, which unpaid wages total at least $1,380.00.

48. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

WHEREFORE, Plaintiff Araceli Garcia respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling $1,380.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

                                                  Liliana Garcia And
                                                  Araceli Garcia

                                                  /s/Daniel I. Schlade

James M. Dore (#6296265)            By Their Attorneys
Daniel I. Schlade (#6273007)
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-550-3775

jdore@justicialaboral.com
dschlade@justicialaboral.com

**PLAINTIFFS DEMAND TRIAL BY JURY**

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid Wages: 0 to 40 hours | Unpaid OT (40+ hrs) | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|---|
| 1 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 2 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 3 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 4 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 5 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 6 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| 7 | 91 | 51 | $12.00 | $480.00 | $918.00 | $1,398.00 | $4,194.00 |
| TOTALS | 637 | 357 | | 3,360.00 | 6,426.00 | 9,786.00 | $29,358.00 |

# EXHIBIT B

| Week | Av. Hours/Wk. | Hrly. Wage | Unpaid Wages: 0 to 40 hours | Unpaid Wages | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 1 | 30 | $11.50 | $345.00 | $345.00 | $345.00 | $1,035.00 |
| 2 | 30 | $11.50 | $345.00 | $345.00 | $345.00 | $1,035.00 |
| 3 | 30 | $11.50 | $345.00 | $345.00 | $345.00 | $1,035.00 |
| 4 | 30 | $11.50 | $345.00 | $345.00 | $345.00 | $1,035.00 |
| **TOTALS** | **120** | | **1,380.00** | **1,380.00** | **1,380.00** | **$4,140.00** |